UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CEDRIC WRIGHT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 20-cv-10369-ADB |
| | * | |
| PATRICIA RUZE, MD, *Physician FMC* | * | |
| *Devens*, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

BURROUGHS, D.J.

*Pro se* plaintiff Cedric Wright, who is incarcerated at FMC Devens, has filed an action

under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that the

prison's medical staff acted with deliberate indifference by denying recommended surgery on his

right shoulder.  Wright is suing Patricia Ruze, Berhan Yeh, John Doe, and Jane Doe as

defendants in their official and individual capacities.  He is seeking injunctive and monetary

relief.  The plaintiff has also filed motions for leave to proceed *in forma pauperis* and for the

appointment of counsel.  Upon review of the complaint and motions, the Court hereby orders:

1.      The motion for leave to proceed *in forma pauperis* [ECF No. 8] is GRANTED.

The $50 administrative fee is waived.  Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an

initial partial filing fee of $69.00.  The remainder of the $350 filing fee, $281.00, shall be paid

over time in accordance with 28 U.S.C. § 1915(b)(2).  The Clerk shall send a copy of this order

to the institution having custody of the plaintiff.

2.      The Clerk shall issue summonses for defendants Ruze and Yeh.  At this time

summonses will not issue for the John Doe and Jane Doe defendants.  If Wright later discovers

the identity of these defendants and wishes to pursue claims against them, he should promptly amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

3.     Although the Court will allow Wright to proceed against the defendants in their individual and official capacities, the individual capacity claims for injunctive relief and the official capacity claims for monetary damages are DISMISSED without prejudice.  *Bivens* provides a cause of action for monetary damages against a federal official acting in her or his individual capacity; it cannot be brought against the United States, its agencies, or federal officers sued in their official capacities.  *See Chiang v. Skerik*, 582 F.3d 238, 243 (1st Cir. 2009). However, the unavailability of injunctive relief under *Bivens* does not preclude the Court from exercising is equitable powers to enjoin future unconstitutional conduct by federal officers acting in their individual or official capacities.

3.     Wright is responsible for serving a summons, the complaint, and this order on defendants Ruze and Yeh in accordance with Rule 4 of the Federal Rules of Civil Procedure. Because Wright is suing federal employees, he must also serve copies of both the summonses, the complaint, and this order on the Attorney General of the United States and the United States Attorney for the District of Massachusetts.  *See* Fed. R. Civ. P. 4(i)(3).

4.     Because Wright is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS").  If Wright plaintiff chooses to have service completed by the USMS, he shall provide the agency with a copy of this order and all documents for service.   The USMS shall then complete service with all costs to be advanced by the United States.

5.     The plaintiff must ensure that service is complete within 90 days from the date of the issuance of the summonses.  Failure to complete service in a timely fashion may result in

dismissal of the action without further notice to the plaintiff.  *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

5.      The motion for appointment of counsel is DENIED without prejudice to renewal after Ruze and Yeh have been served with and responded to the complaint.

IT IS SO ORDERED.

  7/20/2020                                            /s/ Allison D. Burroughs
DATE                                              UNITED STATES DISTRICT JUDGE